UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL LEE KILBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01552-JPH-TAB |
| | ) | |
| DECATUR COUNTY CIRCUIT COURT, | ) | |
| JUDGE TIMOTHY B DAY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Leave to Proceed *in Forma Pauperis*,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

Michael Lee Kilburn, an Indiana Department of Correction inmate, filed this lawsuit on June 4, 2021, without prepayment of the filing fee. The Court makes the following rulings.

**I. Motion for Leave to Proceed *in Forma Pauperis***

Mr. Kilburn's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied**. The motion indicates that Mr. Kilburn's inmate trust account has sufficient funds from which to pay the $402 filing fee. Dkt. 2-1. The filing fee shall be paid to the district court clerk no later than **July 6, 2021**.

**II. Screening Standard**

Because Mr. Kilburn is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is

entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III. The Complaint

Mr. Kilburn's complaint names two defendants: (1) Decatur County Circuit Court and (2) Judge Timothy Bay. He contends the defendants lied to him and others and "turned statements around" at his trial and sentencing "[s]o they could convict [an] innocent man that didn't commit a sex crime of any kind . . . ." Dkt. 1 at 2. There are no facts or dates pled. *Id.* at 2-3. Mr. Kilburn seeks release from prison, to be left alone, to be "rewarded" for the years he has spent in prison, removal from the sex offender registry, and to not have a felony record. *Id.* at 4. "That's my terms." *Id.*

### IV. Analysis

Applying the screening standard discussed in Section II to Mr. Kilburn's allegations, the complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. First, the Decatur County Circuit Court is not a "person" who can be sued pursuant to 42 U.S.C. § 1983. *Jones v. Cummings*, ___ F.3d ___, 2021 WL 2134298 at *1 (7th Cir. May 26, 2021) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). Second, as an entity created by the Indiana state constitution, *see* Ind. Const. Art. 7, §§ 7-8, the Decatur County Circuit Court enjoys the same sovereign immunity provided by the Eleventh Amendment as the State of Indiana. *Cummings*, ___ F.3d at ____, 2021 WL 2134298 at *2 (citing *Regents of Univ. of Cal. v.*

*Doe*, 519 U.S. 425, 429 (1997); *Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir. 1994)). Third, Judge Timothy B. Day, understood to be an Indiana Circuit Court judge, enjoys absolute immunity for all actions, even erroneous ones, taken while performing judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."); *Bertha v. Hain*, 787 F. App'x 334, 338 (7th Cir. 2019) (same, and citing *Stump*, 435 U.S. at 356-57).

If Mr. Kilburn seeks release from state custody because of constitutional errors at his trial, the proper way to do so is with a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Challenging the fact or length of a person's confinement may not be done in a civil rights action such as this. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

For these reasons, the complaint is **dismissed**.

### V.  Show Cause

Mr. Kilburn shall have through **July 6, 2021**, to show cause why this action should not be closed and final judgment entered.

### VI.  Conclusion

The motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied**. Mr. Kilburn shall pay the $402 filing fee to the clerk of the district court no later than **July 6, 2021**. The complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Mr. Kilburn shall have through **July 6, 2021**, to show cause why final judgment should not enter. The failure to take both actions by the stated deadline will result in final judgment being entered without further notice or opportunity to be heard.

Mr. Kilburn is notified that this dismissal will count as a "strike" pursuant to 28 U.S.C. § 1915(g). If a person files three or more civil actions, while a prisoner, that are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, that person may not thereafter proceed on any federal court lawsuit or appeal unless the claims presented seek redress on an imminent danger of serious physical injury. *Id.*

**SO ORDERED.**

Date: 6/10/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Lee Kilburn
260221
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

4