UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL LEE KILBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01552-JPH-TAB |
| | ) | |
| DECATUR COUNTY CIRCUIT COURT, | ) | |
| JUDGE TIMOTHY B DAY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Action
and Directing Entry of Final Judgment**

Indiana Department of Correction inmate Michael Lee Kilburn filed this lawsuit on June 4, 2021, proceeding *pro se* and seeking leave to proceed *in forma pauperis*. Dkts. 1 & 2. The complaint was screened pursuant to 28 U.S.C. § 1915A and dismissed for failure to state a claim upon which relief can be granted. Dkt. 5. Mr. Kilburn's motion for leave to proceed *in forma pauperis* was denied because the motion reflected that he had sufficient funds in which to pay the filing fee. *Id.* The Court directed Mr. Kilburn to pay the filing fee and show cause why this action should not be dismissed and final judgment entered no later than July 6, 2021. That deadline has passed and Mr. Kilburn has neither paid the filing fee nor shown cause why this action should not be dismissed.

Mr. Kilburn brought suit against the Decatur County Circuit Court and Circuit Court Judge Timothy B. Day for events at his trial that "turned statements around" so that an innocent man could be convicted. Dkt. 1 at 2. But the Circuit Court is a non-suable entity under 42 U.S.C. § 1983 because it is not a person, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989), and even if it was, as an entity of the State of Indiana it enjoys Eleventh Amendment sovereign

immunity, *see King v. Marion County Circuit Ct.*, 868 F.3d 589, 591 (7th Cir. 2017). Judge Day's unspecified conduct occurred at trial and sentencing, so he enjoys judicial immunity from suit. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

The screening order allowed Mr. Kilburn an opportunity to show cause why the complaint should not have been dismissed, noting that any effort to obtain release from custody must be through a petition for a writ of habeas corpus. Dkt. 5 at 3. As mentioned above, Mr. Kilburn has not attempted to show cause and has not paid the filing fee.

For the reasons explained in the screening order of June 10, 2021, dkt. 5, and this Order, this action is **dismissed** for failure to state a claim upon which relief can be granted and failure to pay the filing fee.  Final judgment consistent with this Order shall now enter.

**SO ORDERED.**

Date: 8/16/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Lee Kilburn
260221
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362